# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

**TYRONE BAKER,**

    **Petitioner,**

vs.                                                         **NO. 5:08CV337-RH/AK**

**WALTER MCNEIL,**

    **Respondent.**

                                  /

## REPORT AND RECOMMENDATION

This cause is before the Court on Respondent's motion to dismiss the petition for writ of habeas corpus based on untimeliness. Doc. 19. Petitioner has not responded to the motion, and the time for doing so has expired. Having carefully considered the matter, the Court recommends that the motion to dismiss be granted.

Petitioner was sentenced to life imprisonment on July 11, 2000. The judgment and sentence were affirmed on March 7, 2002. *Baker v. State*, 812 So.2d 404 (Fla. Dist. Ct. App. 2002). On May 21, 2002, and May 30, 2002, counsel for Petitioner and Petitioner himself filed motions to mitigate sentence pursuant to Fla. R. Crim. P. 3.800(c). Those motions were denied on July 1, 2002. On June 20, 2003, Petitioner filed a Rule 3.850 motion for post-conviction relief.

Section 2254 petitions are subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). This limitations period runs from the latest of the following: the date on which the

state court judgment became final; the date on which an unconstitutional impediment which prevented the applicant from filing is removed; the date on which the right asserted was recognized by the United States Supreme Court and made retroactive on collateral review; or the date on which the factual predicate for the claim could have been discovered by due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D). Only subsection (A) is at issue in this case.

Petitioner's conviction became final 90 days after the date it was affirmed on appeal, i.e., June 5, 2002. *See Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002); *see also* Sup. Ct. R. 13.3 (time for seeking certiorari runs from date of entry of judgment, not date of mandate). Though a properly filed motion for post-conviction relief will toll the one-year filing period, § 2244(d)(2), a motion pursuant to Rule 3.800(c) does not toll the running of the statute of limitations it does not claim the sentence is illegal but instead seeks leniency from a legal sentence. *Alexander v. Secretary*, 523 F.3d 1291 (11th Cir. 2008). Thus, by the time Petitioner filed his Rule 3.850 motion in state court on June 20, 2003, the statute of limitations for seeking habeas relief in this Court had already expired by fifteen days, and nothing he did in state court after the expiration of the statute of limitations serves to revive the time for filing here. *See Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) (tolling provisions do not restart statute of limitations once limitations period has expired); *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002).

The time for filing a § 2254 petition may be equitably tolled, but only if a petitioner can show "extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999); *see also Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir. 2000). Petitioner has not attempted to meet this standard, and the Court can glean nothing from the record which would support equitable tolling.

*Case No: 5:08cv337-RH/AK*

In light of the foregoing, it is respectfully **RECOMMENDED**:

That the motion to dismiss, Doc. 19, be **GRANTED**;

That the petition for writ of habeas corpus, Doc. 1, be **DENIED AS UNTIMELY**, and this cause be **DISMISSED WITH PREJUDICE**.

**IN CHAMBERS** at Gainesville, Florida, this  *15th*  day of July, 2009.


*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**