# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA PANAMA CITY DIVISION

TYRONE BAKER,

    Petitioner,

v.                                      CASE NO. 5:08cv337-RH/AK

WALTER McNEIL,

    Respondent.

_____/

## ORDER OF DISMISSAL

This petition for a writ of habeas corpus under 28 U.S.C. § 2254 is before the court on the magistrate judge's report and recommendation (document 20) and the objections (document 22). I have reviewed *de novo* the issues raised by the objections.

The report and recommendation concludes that the petition should be dismissed as untimely. As correctly set forth in the report and recommendation, the one-year limitations period runs from one of four dates. The one that applies here is the date on which the conviction became final by its affirmance on appeal and the expiration of the time for seeking review in the United States Supreme Court. The report and recommendation calculated this date as 90 days (the period

for filing a petition for a writ of certiorari) after the Florida First District Court of Appeal affirmed the conviction (the date from which the 90 days runs). The objections assert the report and recommendation should have calculated the date as 90 days after the First District issued its mandate, but that is incorrect; the time for filing a petition for a writ of certiorari runs from the date of the lower court's opinion (or, as here, its order affirming a conviction without an opinion); the period does not run from the date of the mandate.

The other timeliness issue presented by this petition is this. The one-year limitation period is tolled during the pendency of a "properly filed application for State post-convction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2). The petitioner filed a motion for a sentence reduction Florida Rule of Civil Procedure 3.800(c). If the motion tolled the federal limitation period, this § 2254 petition is timely; if the state motion did not toll the limitation period, the § 2254 petition is untimely. Under the law of the circuit, the state motion did not toll the federal limitation period. *See Alexander v. Secretary, Dep't of Corrections*, 523 F.3d 1291 (11th Cir. 2008) (affirming the dismissal of a § 2254 petition that would have been timely if the petitioner's Florida Rule 3.800(c) motion had tolled the federal limitation period, but holding that it did not). *Alexander* is squarely on point and dispositive of this issue, precisely as the report and recommendation concluded.

To be sure, there is a circuit split on this issue, as acknowledged in *Alexander* itself. *See Robinson v. Golder*, 443 F.3d 718 (10th Cir. 2006) (holding that a state motion to reduce a sentence tolls the federal limitation period). But this does not help Mr. Baker; he was convicted in Florida, and his federal petition thus is being litigated in the Eleventh Circuit.

For these reasons and those in the report and recommendation,

IT IS ORDERED:

The report and recommendation is ACCEPTED and adopted as the court's opinion. The petition is DENIED as untimely. The clerk must enter judgment stating, "This case is DISMISSED with prejudice as untimely." The clerk must close the file.

SO ORDERED on August 7, 2009.

s/Robert L. Hinkle<br>United States District Judge